UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KYLE AVERY, CDCR #E67897,<br><br>                              Plaintiff,<br><br>vs.<br><br>DAN McCOURT; H. CHAUDRY; S. ANDERSON; G, ORTIZ; JOHN DOE; TAYLOR; C. MEZA,<br><br>                              Defendants. | Case No.: 22-CV-01144 JLS (MSB)<br><br>**ORDER (1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND (2) DISMISSING CLAIMS AND DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1)** |

Kyle Avery ("Plaintiff"), an inmate currently incarcerated at Kern Valley State Prison ("KVSP") located in Delano, California, has filed a civil rights action pursuant to 42 U.S.C. § 1983. *See* Complaint ("Compl.," ECF No. 1) at 1. Plaintiff has also filed a Motion to Proceed *in Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. In his Complaint, Plaintiff alleges that his constitutional rights were violated when he was previously housed at the Richard J. Donovan Correctional Facility ("RJD"). *See generally* Compl.

/ / /

/ / /

## I. Motion to Proceed IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $400.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, a prisoner granted leave to proceed IFP remains obligated to pay the entire fee in "increments" or "installments," *Bruce v. Samuels*, 577 U.S. 82, 84 (2016); *Williams v. Paramo*, 775 F.3d 1182, 1185 (9th Cir. 2015), and regardless of whether his action is ultimately dismissed, s*ee* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Section 1915(a)(2) requires prisoners seeking leave to proceed IFP to submit a "certified copy of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forwards those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2); *Bruce*, 577 U.S. at 84.

---

[1] In addition to the $350 statutory fee, civil litigants must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec., 2020). The additional $52 administrative fee does not apply to persons granted leave to proceed IFP. *Id.*

In support of his IFP Motion, Plaintiff has submitted a certified copy of his inmate trust account statement. *See* ECF No. 2. Plaintiff's statement shows that he had no available funds to his credit at the time of filing. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered.").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees due for this case must be collected by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II.   Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A.   Standard of Review

Because Plaintiff is a prisoner and is proceeding IFP, his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d

1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

### B.   *Plaintiff's Factual Allegations*

Plaintiff alleges that he filed a grievance regarding missing back pay and was interviewed by Defendant McCourt who is the "Plant-Ops Supervisor." Compl. at 4. However, after the interview, Plaintiff alleges McCourt told Defendant Correctional Officer Chaudhry to not let Plaintiff "out to work for custody without [his] supervisor's presence." *Id.* He claims McCourt took this action in retaliation for Plaintiff filing grievances. *See id.*

Plaintiff further alleges that he discovered that McCourt had told other inmates that the grievances filed by Plaintiff regarding inmate pay caused McCourt to "stop paying other Plant-Ops workers for hours they worked." *Id.* at 5. He further claims Chaudhry told another inmate that Plaintiff was filing grievances alleging other inmates were being "shown favoritism." *Id.* This other inmate purportedly confronted Plaintiff and told him "you'll be getting yours, you got one coming!" *Id.* Plaintiff filed a grievance against Chaudhry and McCourt for "placing him in danger by weaponizing confidential grievance matter." *Id.*

On March 3, 2022, Plaintiff claims Defendant Correctional Lieutenant Ortiz ordered Plaintiff to be placed in administrative segregation ("ad-seg") based on an anonymous note that indicated Plaintiff and another inmate were "planning a stabbing assault against Plant Ops Supervisor Dan McCourt." *Id.* at 6. Plaintiff maintained that he told Ortiz that a "non-confidential and anonymous kite" is not "proof that [he is] a threat to the safety and security" to any inmate or staff. *Id.* Plaintiff further claims that when he was placed in ad-seg, he lost personal property because prison officials failed to properly pack and inventory his property. *See id.* at 10.

Plaintiff alleges that twenty-four hours prior to his inmate classification committee ("ICC") hearing, Defendant Correctional Counselor Taylor was required to provide him "all available documents, evidence, [and] reports." *See id.* at 11–12. Plaintiff claims he was not given any of this documentation and he was not appointed an investigative employee. *See id.* at 12.

Plaintiff was held in ad-seg for another thirty days and was then sent "by mental health" staff to temporary housing "without ICC action." *Id.* at 13. Plaintiff was "sent to [Corcoran State Prison]" on April 21, 2022. *Id.* As a result of these actions, Plaintiff claims he has suffered a "severe loss of privileges." *Id.* at 15.

Plaintiff seeks injunctive relief, $5,000 in compensatory damages, and $20,000 in punitive damages. *Id.* at 18.

### C. First Amendment Retaliation Claims

As an initial matter, the Court finds that Plaintiff's First Amendment retaliation claims against Defendants McCourt and Chaudry are pleaded with enough factual sufficiency to survive the "low threshold" set for *sua sponte* screening as required by 28 U.S.C. §§ 1915(e)(2) and 1915A(b). *See Wilhelm*, 680 F.3d at 1123; *Iqbal*, 556 U.S. at 678; *Rhodes v. Robinson*, 408 F.3d 559, 567–68 (9th Cir. 2005) ("Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of

his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.").

### D.    Eighth Amendment Failure to Protect Claims

Plaintiff alleges that Defendants violated his Eighth Amendment rights by subjecting him to potential harm by other inmates. *See* Compl. at 9. The Eighth Amendment requires prison officials to "take reasonable measures to guarantee the safety of the inmates." *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984); *DeShaney v. Winnebago County Dep't of Social Services*, 489 U.S. 189, 199–200 (1989) ("[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being."). This duty includes the requirement that officials to protect prisoners from violence at the hands of other prisoners. *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (citations omitted); *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).

The failure of prison officials to protect inmates from attacks by other inmates or from dangerous conditions at the prison violates the Eighth Amendment when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately indifferent to inmate health or safety. *Farmer*, 511 U.S. at 834. A prison official is deliberately indifferent if he knows of and disregards an excessive risk to inmate health or safety by failing to take reasonable steps to abate it. *Id*. at 837.

Here, however, while Plaintiff alleges Defendants Chaudhry and McCourt placed him "in danger by weaponizing a confidential grievance matter," *see* Compl. at 9, he fails to allege that he was ever harmed by another inmate while housed at RJD. Plaintiff is no longer housed at RJD and fails to allege how these actions purportedly taken by Defendants have caused him to suffer an injury or that he continues to face any harm while housed at a different institution. Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment claim upon which relief may be granted.

/ / /

### E. Fourteenth Amendment Due Process Claims

Plaintiff alleges that his Fourteenth Amendment due process claims were violated when he was placed in ad-seg for allegedly authoring a note indicating that he and another inmate were planning to assault Defendant McCourt. *See* Compl. at 10. As a result of the disciplinary hearings, Plaintiff claims he lost privileges including the loss of his prison job and phone privileges. *Id.* at 15. The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972). "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'" *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)).

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation. *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564–571 (1974)). "Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id.* These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin's* wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any

particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486–87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064–65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

Here, Plaintiff's due process claims require *sua sponte* dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) because he fails to allege facts sufficient to show that the deprivations he suffered as a result of his disciplinary conviction, *i.e.*, reduced status, lost wages, and privileges, *see* Compl. at 15, imposed the type of "atypical and significant hardships" required by *Sandin* to invoke any liberty interest entitled to *Wolff's* procedural protections.

These lost privileges do not constitute "atypical and significant" hardships. *See Sandin,* 515 U.S. at 484; *see also Sanchez v. Miller*, No. 14CV2407-LAB-MDD, 2016 WL 536890, at *5 (S.D. Cal. Jan. 5, 2016) (Status "deprivations were limited in duration and type, and these limited deprivations do not constitute a hardship that is atypical and significant 'in relation to the ordinary incidents of prison life.'"), *report and recommendation adopted*, No. 14CV2407-LAB (MDD), 2016 WL 524438 (S.D. Cal. Feb. 10, 2016); *Randle v. Melendrez*, No. CV 16-2342 MWF (AJW), 2017 WL 1197864, at *4 (C.D. Cal. Feb. 17, 2017) (finding "four months in administrative segregation as a result of the false RVR," during which plaintiff was deprived of contact visits, "packages, canteen, unrestricted yard, phone calls and personal property" insufficient to implicate a protected liberty interest under *Sandin*), *report and recommendation adopted*, No. CV 16-

2342 MWF (AJW), 2017 WL 1199719 (C.D. Cal. Mar. 30, 2017); *Hernandez v. Johnston*, 833 F.2d 1316, 1318 (9th Cir. 1987) ("[A] prisoner has no constitutional right to a particular classification status"); *see also Steffey v. Orman*, 461 F.3d 1218 (10th Cir. 2006) (restriction on inmates' ability to receive money from outside sources was not an "atypical or significant hardship" under *Sandin*).

Accordingly, the Court finds that Plaintiff has failed to state a Fourteenth Amendment claim upon which relief may be granted.

### F.  *Individual Causation*

Plaintiff also names Chief Deputy Warden Anderson, Correctional Captain John Doe, and Correctional Counselor Meza as Defendants but fails to allege any specific facts as to what these Defendants are alleged to have done or how they were personally involved in the alleged violation of Plaintiff's constitutional rights.  "To state a claim under 42 U.S.C. § 1983, the plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law." *Campbell v. Washington Dep't of Soc. Servs.*, 671 F.3d 837, 842 n.5 (9th Cir. 2011) (citing *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987)).  The Complaint contains no factual allegations describing what any of these Defendants did, or failed to do.  To the extent Plaintiff seeks to hold them liable for the actions of their subordinates, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437–38 (9th Cir. 1993).

"The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370–71 (1976)); *Berg v. Kincheloe*, 794 F.2d 457, 460 (9th Cir. 1986); *Estate of Brooks v. United States*, 197 F.3d 1245, 1248 (9th Cir. 1999) ("Causation is, of course, a required element of a § 1983 claim.").  A person deprives another "of a constitutional right, within the meaning of section 1983, if he does an

affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains]." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not stated a claim against Anderson, John Doe, or Meza because he has failed to allege facts regarding what actions were taken or not taken by these Defendants which caused the alleged constitutional violations. *See City of Canton v. Harris*, 489 U.S. 378, 385 (1989) ("Respondeat superior and vicarious liability will not attach under § 1983.").

### G. *Plaintiff's Options*

Because the Court has determined that Plaintiff's First Amendment retaliation claim against Defendants McCourt and Chaudhry survives the *sua sponte* screening process but his remaining claims do not, it will give Plaintiff the opportunity to (1) notify the Court of his intent to proceed only with the First Amendment claim in the Complaint against Defendants McCourt or Chaudhry; or (2) file a First Amended Complaint that attempts to correct the deficiencies of pleading identified in this Order. Plaintiff must choose one of those options within forty-five days from the date this Order is filed. If Plaintiff notifies the Court he wishes to proceed only with his claims against Defendants McCourt and Chaudhry, the Court will issue an Order directing the U.S. Marshal to effect service of his Complaint on Defendants McCourt and Chaudhry and dismiss all remaining claims and Defendants from this action.

### III. Conclusion and Order

For the reasons explained, the Court:

1. **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

2. **ORDERS** the Secretary of the CDCR, or her designee, to collect from Plaintiff's trust account the full $350 filing fee owed in monthly payments in an amount equal to twenty percent (20%) of the preceding month's income to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10 pursuant to 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME

AND NUMBER ASSIGNED TO THIS ACTION.

3.      **DIRECTS** the Clerk of the Court to serve a copy of this Order on Kathleen Allison, Secretary, CDCR, P.O. Box 942883, Sacramento, California, 94283-0001.

4.      **DISMISSES** all claims in Plaintiff's Complaint against all Defendants without prejudice and with leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b) with the exception of the First Amendment retaliation claim against Defendants McCourt and Chaudhry.

5.      **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either (1) notify the Court of his intention to proceed with his First Amendment retaliation claim against Defendants McCourt and Chaudhry only; or (2) file a First Amended Complaint that cures the deficiencies of pleading noted in this Order. Plaintiff's First Amended Complaint must be complete by itself without reference to any previous version of his Complaint. Any Defendants not re-named and any claims not re-alleged in the Second Amended Complaint will be considered waived. *See* S.D. Cal. Civ L.R. 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.")

6.      **DIRECTS** the Clerk of Court to mail Plaintiff a court approved civil rights complaint form for his use in amending.

**IT IS SO ORDERED**.

Dated: September 22, 2022

Hon. Janis L. Sammartino
United States District Judge